## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | | |
|---|---|---|
| **ALENA FASSBENDER**, | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No.:** |
| | ) | **Division:** |
| **CORRECT CARE SOLUTIONS, LLC** | ) | |
| Serve: Registered Agent | ) | **JURY TRIAL DEMANDED** |
| Corporate Creations Network, Inc. | ) | |
| 4601 E. Douglas Avenue #700 | ) | |
| Wichita, KS 67218 | ) | |
| Defendant. | ) | |

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

### COMPLAINT

COMES NOW Plaintiff Alena Fassbender, by and through the undersigned counsel, and states and alleges as follows for her Complaint against Defendant Correct Care Solutions, LLC:

### FACTS COMMON TO ALL COUNTS

1.      Plaintiff, while an employee of Defendant Correct Care Solutions, LLC, was subjected to unlawful discrimination based on her sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

2.      Plaintiff, while an employee of Defendant Correct Care Solutions, LLC, was subjected to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

3.      Plaintiff seeks all relief available, including but not limited to, compensatory and punitive damages, costs, and reasonable attorneys' fees.

4.      Plaintiff demands a jury trial for all facts and issues stated and alleged herein.

### PARTIES

5.      Plaintiff is a Missouri resident residing in Kansas City, Missouri in Clay County.

6.      Plaintiff was employed by Defendant Correct Care Solutions, LLC until Defendant terminated her employment.

7.      Defendant Correct Care Solutions, LLC provides healthcare to populations across the country in local, state and federal detention centers, including the Wyandotte County Jail in Wyandotte County, Kansas.

8.      Defendant Correct Care Solutions, LLC currently employs over 7,000 people and operates in 37 different states in the United States of America.

9.      The business operations of Defendant Correct Care Solutions, LLC affect interstate commerce.

10.      Defendant Correct Care Solutions, LLC is an "employer" as defined in 42 U.S.C. § 2000e(b).

11.      Defendant Correct Care Solutions, LLC is limited liability company, not a natural person, and thus acts through agents and is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it ratifies, injuries incurred by agents' performance of its non-delegable duties, and acts that its agents take by virtue of their position with Defendant.

## JURISDICTION AND VENUE

12.      This Court has personal jurisdiction over Defendant Correct Care Solutions, LLC because Defendant conducts ongoing business in Kansas and because Plaintiff's alleged injuries arise out of Defendant's business operations in Kansas.

13.      This Court has subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint arises under federal law, 42 U.S.C. § 2000e *et seq.* in particular, and therefore involves the adjudication of a substantial federal question.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District Court's territorial jurisdiction.

## ADMINISTRATIVE PROCEEDINGS

15.     On May 15, 2015, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, or EEOC. The Charge Number is 563-2015-01296 and a copy is attached hereto as Exhibit A and is incorporated herein by reference.

16.     On August 7, 2015, Plaintiff received a Notice of Right to Sue from the EEOC. A copy is attached hereto as Exhibit B and is incorporated herein by reference.

17.     This action has been filed within ninety days of the EEOC's issuance of Exhibit B and Plaintiff has thus fulfilled the administrative prerequisites.

## BACKGROUND

18.     Defendant hired Plaintiff in approximately November, 2014 as a part-time "PRN."

19.     Plaintiff was offered and accepted a full time position in approximately March, 2015.

20.     Defendant hired Plaintiff to work at the Wyandotte County Jail in Wyandotte County, Kansas.

21.     In approximately April, 2015, Plaintiff informed her supervisor that she was pregnant.

22.     Plaintiff's supervisor made multiple derogatory comments about the employees of Defendant Correct Care Solutions, LLC who were pregnant at the time.

23.     Plaintiff's supervisor made comments about not knowing what to do with "all these people being pregnant."

24.     On or about April 30, 2015, an inmate of the Wyandotte County Jail left a note for Plaintiff on her medical cart.

25.     The aforementioned note was sexually suggestive. The note was unwanted and made Plaintiff feel uncomfortable, so Plaintiff believed the note to be sexual harassment and felt the need to report the note to her superiors at work.

26.     The next day, Plaintiff provided the note to a Sergeant and a Major, who work at the Wyandotte County Jail, who are otherwise known as the "command staff." She also filled out an incident report at approximately the same time. Plaintiff was told she did the right thing by reporting the note and turning it in.

27.     The next day, Plaintiff's supervisor – the same one who had made derogatory and offensive comments about the pregnant employees – yelled at Plaintiff for reporting the sexually suggestive note to the command staff.

28.     The next day, Plaintiff received a final written warning for reporting the sexually suggestive note to the command staff.

29.     Plaintiff had not received any written discipline during her employment with Defendant Correct Care Solutions, LLC before receiving the final written warning for reporting the sexually suggestive note to the command staff.

30.     Plaintiff received a second sexually suggestive note from an inmate and reported it to her supervisor.

31.     Approximately two days after being written-up, Plaintiff was suspended for reporting the sexually suggestive note to the command staff.

4

32.     On or about May 6, 2015, Defendant Correct Care Solutions, LLC terminated Plaintiff's employment.

33.     Plaintiff had not received training about how to handle a situation like the one she experienced while employed with Defendant Correct Care Solutions, LLC.

34.     Plaintiff contacted the HR and Employee Relations Departments to protest her termination and to report pregnancy discrimination.

35.     Plaintiff's final paycheck did not compensate Plaintiff for unused Paid Time Off.

36.     At all times relevant herein, before and after, the individuals responsible for the acts alleged herein were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant Correct Care Solutions, LLC. Therefore, Defendant is vicariously liable for the individuals' actions.

## COUNT I
### Title VII – Sex / Pregnancy Discrimination

37.     Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges the same.

38.     Defendant terminated Plaintiff's employment because Plaintiff became pregnant.

39.     Plaintiff's supervisor made derogatory and offensive remarks about Plaintiff and other pregnant employees.

40.     Plaintiff's supervisor and/or other management level employees terminated Plaintiff's employment within the course and scope of their respective duties as employees of Defendant Correct Care Solutions, LLC.

41.     Plaintiff's sex and/or pregnancy were a motivating or determining factors in Defendant's decision to terminate Plaintiff's employment or otherwise played a part in Defendant's decision to terminate Plaintiff's employment.

42.     The unlawful termination of Plaintiff's employment has directly and proximately caused Plaintiff to suffer damages, including, but not limited to, lost wages and benefits, and emotional distress.

43.     Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful discrimination, for compensatory and punitive damages, front pay, costs expended, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT II
### Title VII Retaliation

44.     Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges the same.

45.     Plaintiff engaged in protected activity by reporting the sexually suggestive notes to her superiors at the workplace.

46.     Plaintiff reasonably believed the notes constituted unwanted and offensive sexual conduct, or sexual harassment.

47.     Defendant terminated Plaintiff's employment.

48.     Termination of employment might well persuade a reasonable person in the same or similar circumstances as Plaintiff to not report suspected sexual harassment.

49.     Plaintiff's protected activity was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.

50.     Defendant would not have terminated but for Plaintiff's act of reporting the sexually-suggestive notes to her superiors at work.

51.     The unlawful termination of Plaintiff's employment has directly and proximately caused Plaintiff to suffer damages, including, but not limited to, lost wages and benefits, and emotional distress.

52.     Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful retaliation, for compensatory and punitive damages, front pay, costs expended, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury of all triable issues alleged herein.

HOLMAN SCHIAVONE, LLC

By: /s/ Kirk D. Holman
    Kirk D. Holman,      Ks    #19558
    Kenneth D. Kinney,   D.Kan #78544
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: kholman@hslawllc.com
    Email: kkinney@hslawllc.com

    **ATTORNEYS FOR PLAINTIFF**